GREEN, MATTHEWS, TAYLOR CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 21013.    Promulgated March 21, 1930.

*Morris Metz, Esq.*, for the petitioner.

*J. Arthur Adams, Esq.*, and *Frank A. Surine, Esq.*, for the respondent.

OPINION.

MORRIS: Petitioner contends that it is entitled to a deduction of $17,500 on account of compensation paid to officers in lieu of the deduction of $3,640 which was claimed in the return and allowed by the respondent. The contention is based upon the grounds that total salaries of $17,500 were authorized to be paid to officers for 1921, at an informal meeting of the directors held in midsummer of that year, and that the salaries authorized to be paid are reasonable in amount.

Matthews was the only witness called to testify as to the facts of the alleged authorization of officers' salaries. He testified that salaries of $2,200, $3,300, and $12,000 were authorized to be paid for 1921 to Wendelken, Taylor, and himself, respectively, at an informal meeting of the directors held in midsummer of that year. He attributes the fact that a deduction of only $3,640 was claimed in the return to advice of counsel that, the petitioner being a personal service corporation and not subject to tax, the amount of the deduction was not important, since the stockholders would pay tax upon the amounts distributed or distributable to them, whether as salaries or as profits. He explains the absence of any record of such authorization in the minute book by the fact that the petitioner's attorney, who prepared the minutes and kept the book, was not advised as to the directors' action in that respect.

The testimony of Matthews does not convince us that any obligation existed on the part of the petitioner to pay the salaries alleged to have been authorized for 1921. It does not explain the unequivocal statements in the return that Matthews's " total compensation for the period was $3,640," and that " the amount of compensation has neither been definitely agreed upon nor disbursed at this time," in the cases of Wendelken and Taylor. That return was filed on or about May 13, 1922, four and a half months after the close of 1921, and almost a year after the meeting at which the larger salaries are

alleged to have been authorized; and it was executed by Matthews and Wendelken under oath. Nor does Matthews' testimony explain the failure to record the alleged obligation of the petitioner for the larger salaries, or the unpaid portions thereof, on the books, as is evidenced by the balance sheets attached to the return. There is no evidence that the petitioner ever paid the salaries alleged to have been authorized for 1921 in excess of the amount stated in the return. Under the circumstances, we find no error in the respondent's action in the matter of the deduction for compensation of officers.

Petitioner contends that its liability for profits tax should be determined under the provisions of sections 327 and 328 of the Revenue Act of 1921. The reason given for this is that the net income is "entirely disproportionate to the capital of the petitioner due to the disallowance of the proper salaries for officers." Our decision on the first issue is to the effect that the respondent allowed the deduction of all of the salaries authorized to be paid for 1921. While no allowance was made for salaries to Taylor and Wendelken, it is impossible from the meager evidence at hand to say that this created an abnormal condition affecting income. It was stated in the return that these two individuals " acted as special solicitors for business, devoting such of their time as was available when they were not otherwise employed in gainful occupation," and Matthews estimated this to be " one-third of their time." However, there is no evidence in the record tending to show the value of the services rendered by these two officers. Nor does it appear that the salary paid to Matthews, all circumstances considered, was not adequate compensation for the services he rendered.

In attempting to establish the fact of an abnormal condition a double burden rests on the petitioner. He must prove the facts of his own situation, and, unless upon such proof the abnormality is self-evident, he must submit evidence of what constitutes a normal condition. *Robert Wise Co.*, 16 B. T. A. 494. Failure to pay salaries to Taylor and Wendelken is not *per se* proof of such an abnormality in income as to cause exceptional hardship; and the record contains no evidence as to what might be considered a normal condition in the matter of compensation of officers, employed under similar conditions, by a corporation carrying on a business similar, or as nearly similar as may be, in nature and volume, to that in which petitioner was engaged. The fact of payment of a low salary to Matthews, even if proven, would not, standing alone, require a conclusion of existence of an abnormality. The standard of salaries is not definitely fixed and there is a wide field within which they

may vary without constituting an abnormal condition. *Kossar & Co.*, 16 B. T. A. 952. The evidence does not warrant a conclusion that the petitioner is entitled to special assessment.

*Decision will be entered for the respondent.*